IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL SIMPSON,

      Plaintiff,　　　　　　　　　No. CIV S-11-1209 EFB P

    vs.

CALIFORNIA NONPROFIT INC.,

      Defendant.　　　　　　　　　ORDER

_____/

     Plaintiff, a civil detainee, proceeds pro se with this civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

     Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Plaintiff has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a). Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1  Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,
2  520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if
3  it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
4  *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41
5  (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of
6  his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of
7  a cause of action's elements will not do. Factual allegations must be enough to raise a right to
8  relief above the speculative level on the assumption that all of the complaint's allegations are
9  true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable
10 legal theories or the lack of pleading sufficient facts to support cognizable legal theories.
11 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12  In reviewing a complaint under this standard, the court must accept as true the allegations
13 of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740
14 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in
15 the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must
16 satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule
17 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the
18 pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the
19 grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)
20 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21  Plaintiff alleges that "a Nonprofit Corporation" has failed to pay "the Franchise Tax
22 Board at the end of every fiscal year and further including not submitting any financial statement
23 to the I.R.S." Compl. at 1. Plaintiff claims further that the "State Department of Mental Health
24 Corporation files Chapter 11 on every three year bases to cover their default from being
25 penalized from unfair business practice . . . [and] illegally hold[s] back security to reorganize
26 their business such as using individual civil commitments as security or commodities to protect

the corporation from being liquidated." *Id.* at 2.  Plaintiff purports to bring claims under the California Revenue and Taxation Code, the California Corporations Code, California Code of Civil Procedure, and the California Penal Code.

The court is unable to determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint makes no reference to federal law or a federal right, and does not assert diversity jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).  Plaintiff has failed to meet this burden.  Because plaintiff alleges no basis for this court's jurisdiction and fails to articulate a cognizable claim for relief, the court must dismiss the complaint.

However, plaintiff is granted leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each such defendant. He shall also specify a basis for this court's subject matter jurisdiction.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;

2. Plaintiff's complaint is dismissed with leave to amend; and,

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in this action being dismissed.

Dated: September 13, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4