IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL SIMPSON,

        Plaintiff,                         No. CIV S-11-1209 EFB P

     vs.

CALIFORNIA NONPROFIT INC.,

        Defendant.                     <u>ORDER</u>

_____/

        Plaintiff, a civil detainee, proceeds pro se and in forma pauperis with this civil action. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915(e)(2), plaintiff has filed an amended complaint. Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

        Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

1

(1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

In reviewing the original complaint, the court informed plaintiff that it could not determine a jurisdictional basis for this action.  A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).  To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and

that the matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen,* 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The court further noted that the complaint made no reference to federal law or a federal right, and did not assert diversity jurisdiction.  "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

In the amended complaint, plaintiff alleges that the California Department of Mental Health has violated "Federal and State Constitutional Rights for failure to pay corporate taxes" in violation of 26 U.S.C. § 6672.  Dckt. No. 6 at 4.  He claims this entitles him to compensatory damages for being civilly detained, and seeks "an injunction on a motion for a foreclosure on the state department of mental health as refered [sic] to as a mechanical lien against the department."  *Id.*  Section 6672(a) provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to . . . pay over such tax, . . . shall . . . be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.  26 U.S.C. § 6672(a).  Plaintiff alleges no basis for finding that the California Department of Mental Health violated any of plaintiff's constitutional rights, and section 6672 does not create a private right of action.  *See Swift v. Levesque*, 614 F. Supp. 172, 173 (D. Conn. 1985) ("The statute serves as a collection device for the government, and not as a source of a cause of action between or among persons found to be 'responsible' parties."); *see also Arvin v. Go Go Inv. Club*, No. 97-15307, 1997 U.S. App. LEXIS 32141, at *3-5 (9th Cir., Nov. 13, 1997) (finding no express or implied cause of action under § 6672); *Wald v. United States*, No. 01-7507, 2002 U.S. Dist. LEXIS 3970, at *9-11 (S.D. Fla. 2002) (same) (explaining that section 6672 authorizes the I.R.S. to assess a penalty against a responsible person who

willfully fails to pay over withholding taxes and that its purpose is to protect the government against losses). Plaintiff cites to no provision that entitles him to bring a private cause of action against the California Department of Mental Health for its alleged failure to pay taxes. Accordingly, plaintiff fails to state a claim.

Despite an opportunity to amend, plaintiff fails to state a claim upon which relief can be granted. It appears that the complaint lacks merit and "cannot possibly be saved." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS ORDERED that plaintiff's amended complaint is dismissed without leave to amend and the Clerk is directed to close the case.

Dated: April 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4